SHONDRELL PERRILLOUX

VERSUS

ST JOHN THE BAPTIST PARISH
GOVERNMENT BY AND THROUGH ITS
PARISH COUNCIL OF ST JOHN THE
BAPTIST PARISH

NO. 24-CA-280

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 81,208, DIVISION "B"
HONORABLE NGHANA LEWIS, JUDGE PRESIDING

October 18, 2024

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois

**REVERSED; SUIT DISMISSED WITH PREJUDICE AT APPELLEE'S**
**COSTS**
    **JGG**
    **SMC**
    **FHW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/APPELLANT,
ST. JOHN THE BAPTIST PARISH GOVERNMENT
    Ike Spears

PLAINTIFF/APPELLEE,
SHONDRELL PERRILLOUX
    In Proper Person

**GRAVOIS, J.**

Defendant/appellant, the St. John the Baptist Parish Government by and through its Parish Council of St. John the Baptist Parish ("the Council"), appeals a judgment rendered on April 19, 2024 in favor of plaintiff/appellee, Shondrell Perrilloux, and against the Council, granting plaintiff's "Writ of Mandamus and/or Temporary Restraining Order and Injunctive Relief." The court ruled that the Council violated the Louisiana Open Meetings Law, La. R.S. 42:11, *et seq.*, during its properly noticed and open November 28 and December 12, 2023 Council meetings, by: 1) "not permitting reasonably adequate time for public comment during its November 28, 2023 meeting;" and 2) "not permitting members of the public speaking during the public comments section of the December 13 [sic], 2023[1] meeting to 'yield the floor.'"

On appeal, the Council argues that the court erred when it declared that the Council prohibited public comment and/or failed to provide reasonably adequate time for public comment during its November 28 and December 12, 2023 public meetings. The Council also argues that the court erred when it concluded that the Council is required, under the Open Meetings Law, to permit members of the public to yield their time to other members of the public during the public comment period. The Council finally argues that the court erred in enjoining the Council from prohibiting members of the public from yielding their time during the public comment period of the Council meetings and from interfering with members of the public seeking to offer public comment during the public comment period, because Ms. Perrilloux failed to carry her burden of proof for such relief and because such relief is not allowed under the Open Meetings Law.

---

[1] The videos of the Council meetings entered into evidence indicate that this meeting actually took place on December 12, 2023, not on December 13, 2023.

For the following reasons, we find merit to the assignments of error. Accordingly, we reverse the trial court's judgment of April 19, 2024 in its entirety and dismiss this suit with prejudice at plaintiff/appellee's costs.

## FACTS

On December 21, 2023, plaintiff/appellee Shondrell Perrilloux, a citizen of St. John the Baptist Parish, filed an "Amended Petition for Writ of Mandamus and/or Temporary Restraining and Injunctive Relief with Memorandum in Support," against defendant/appellant, St. John the Baptist Parish Government by and Through Its Parish Council of St. John the Baptist Parish ("the Council"), alleging that the Council violated the provisions of the Louisiana Open Meetings Law, particularly La. R.S. 42:12, 42:16, 42:17, and 42:18.[2] The amended petition alleged that the Council "prohibited public comment by refusing [petitioner] timely access into [a] Council meeting, interfering with the allotted time for public comments, violating Robert['s] Rules [of Order] by over speaking during public comment[,] by refusing petitioner to yield her 3 minutes to another citizen, [and by] threats to be arrested and instructed to be exited out of [the] Council meeting without valid reason but as retaliation."

Petitioner prayed that the court "compel the Council to obey [the] Open Meeting Laws, follow Robert['s] Rules [of Order] and allow public comments after each agenda item or allow rebut[tal] after each agenda item prior to the vote of the Council on [the] subject matter." She further prayed that the court "enjoin [the Council] from continuing to suppress the voice of its constituents," for a temporary restraining order and a writ of mandamus with injunctive relief prohibiting the Council from banning plaintiff from Council meetings without

---

[2] Petitioner's original petition for writ of mandamus, filed on December 13, 2023, was found to state no cause of action, following the sustaining of defendant's exception of no cause of action in a judgment signed on December 18, 2023. The judgment allowed petitioner time to amend her petition to state a cause of action.

"proper legal justification," for all costs and damages, and that the Council allow petitioner entrance into all public meetings.

The accompanying memorandum in support of the amended petition alleged that at the November 28, 2023 public meeting of the Council, held at the Council Chamber in LaPlace, Louisiana, Ms. Perrilloux was denied her right to speak during the public comment period pursuant to the Open Meetings Law. The memorandum further alleged that on December 12, 2023, at another public meeting of the Council, Chairman Michael Wright abused his authority by prohibiting public comments to continue when members of the public desired to address the Council. Ms. Perrilloux alleges that on this date, she was prohibited from entering the Council chamber by a Sheriff's deputy at the instruction of Chairman Wright. She argued that the Council's practices violated La. R.S. 42:14(D), which requires that a public body shall allow a public comment period at any point in the meeting prior to action on an agenda item upon which a vote is to be taken.

The matter was heard on February 15, 2024. Ms. Perrilloux called three witnesses: Parish President Jaclyn Hotard, Council Chairman Michael Wright, and herself. Both President Hotard and Chairman Wright testified to their recollection of the pertinent public meetings held on November 28 and December 12, 2023, where Ms. Perrilloux alleges the Council violated the Open Meetings Law. Additionally, both testified that the Council has formally adopted "Robert's Rules of Order" to govern the conduct of Council meetings, though which particular edition thereof was not specified, nor were Robert's Rules of Order introduced into evidence, in whole or in part, by either party.

The parties stipulated to the authenticity and admission of video recordings of the October 24, November 28, and December 12, 2023 Council meetings, which were then played for the court.[3]

At the conclusion of the hearing, the court ruled from the bench in favor of Ms. Perrilloux, giving oral reasons for the ruling. A written judgment was signed on April 19, 2024, incorporating written reasons therein which differ in some ways from the oral reasons, concluding as follows:[4]

> Defendant twice violated open meeting laws, by not permitting reasonably adequate time for public comment during its November 28, 2023 meeting and not permitting members of the public speaking during the public comments section of the December 13, 2023[5] meeting to "yield the floor".
>
> Wherefore,
>
> **IT IS ORDERED, ADJUDGED AND DECREED** that there be judgment in favor of Shondrell Perrilloux and against St John the

---

[3] Although a video of the October 24, 2023 Council meeting was introduced into evidence, the trial court's reasons for judgment do not grant relief relative to anything that happened at this meeting.

[4] The trial court, in its oral reasons for ruling, cited La. R.S. 42:12, which directs that the provisions of the Open Meetings Law should be construed liberally. Next, the court noted that the Parish operates in accordance with Robert's Rules of Order, as testified to by Ms. Hotard and Mr. Wright. The court also recognized that the Council allows public comment globally, not at a particular time, but also that the Council's agenda is published to the public prior to the meeting, so that citizens know when, during the meeting, public comment occurs.

The court, however, found exception to the speed at which Chairman Wright closed public comment at one of the meetings, citing the video evidence. The court noted that Mr. Wright closed public comment within seconds of the opening of the public comment period. The court further noted that Ms. Perrilloux entered the Council chambers 15 minutes later, and attempted to explain why she was late, but was not allowed that opportunity. The court noted that Ms. Perrilloux's conduct on that occasion was disruptive. However, the court found that "the law requires that there be generous opportunity for the public to participate" and thus Ms. Perrilloux was not given an opportunity to explain why she was not in Council chambers "within the first two seconds." The court further found that there was no testimony to rebut Ms. Perrilloux's claim that she was prohibited from entering the meeting by security and/or law enforcement personnel.

On the second point, the court found that Robert's Rules of Order "clearly allows yielding." The video evidence, the court explained, showed citizens being prohibited from yielding their allotted speaking time to other citizens with no explanation for the prohibition. The court found that when the Council deviates from or augments Robert's Rules of Order, it should be "clarified" so that the public understands why they are not allowed to yield their time. While the court declined to issue a restraining order against the Council, the court said that it was going to direct that the Parish "particularize and articulate" its policy regarding public comment. The court stated that it would "order" the Parish to follow Robert's Rules of Order, because the Parish President had testified that the Council had adopted those rules.

[5] As noted above, the videos of the Council meeting entered into evidence indicate that this meeting took place on December 12, 2023, not on December 13, 2023.

Baptist Parish declaring that the actions of St. John the Baptist Parish Council, in prohibiting public comment and/or failing to provide reasonably adequate time for public comment, during its November 28, 2023 and December 13, 2023 parish council meetings, violated open meetings laws; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that St. John the Baptist Parish is enjoined from prohibiting members of the public from yielding their time during the public comment period of parish council meetings, and is enjoined from interfering with members of the public seeking to offer public comment and/or to yield their time during the public comment period of parish council meetings, in accordance with Robert's Rules of Order; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that court costs of $552.32 are hereby cast against St. John the Baptist and shall be reimbursed to Shondrell Perrilloux, within sixty days of signing of this judgment.

This timely appeal followed.

## LAW

La. C.C.P. art. 3863 provides, in pertinent part: "A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law … ."

La. C.C.P. art. 2592(6) authorizes a writ of mandamus to be handled in a summary proceeding. Under a writ of mandamus, a public officer may be directed to perform a ministerial duty required by law. *Turner v. EBR P. School Bd.*, 17-1769 (La. App. 1 Cir. 6/4/18), 252 So.3d 990, 992, citing La. C.C.P. arts. 3861 and 3863. A writ of mandamus is an extraordinary remedy which "may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice." *Jazz Casino Co., L.L.C. v. Bridges*, 16-1663 (La. 5/3/17), 223 So.3d 488, 492, citing La. C.C.P. art. 3862. We review a trial court's decision regarding a request for a writ of mandamus under an abuse of discretion standard. *Constr. Diva, L.L.C. v. New Orleans Aviation Bd.*, 16-0566 (La. App. 4 Cir. 12/14/16), 206 So.3d 1029, 1037, *writ denied*, 17-0083 (La. 2/24/17), 216 So.3d 59.

A ministerial duty is "a simple, definite duty arising under conditions admitted or proved to exist, and imposed by law." *Hoag v. State*, 04-857 (La. 12/1/04), 889 So.2d 1019, 1024. A writ of mandamus is not an appropriate procedure where there is an element of discretion left to the public officer. *Vandenweghe v. Par. of Jefferson*, 11-52 (La. App. 5 Cir. 5/24/11), 70 So.3d 51, 58, *writ denied*, 11-1333 (La. 9/30/11), 71 So.3d 289. The party seeking the writ has the burden of proof to establish a clear and specific right to compel the performance of a ministerial duty. *State through Morrell v. City of New Orleans through Landrieu*, 17-0110 (La. App. 4 Cir. 12/21/17), 234 So.3d 1071, 1080, *writ denied sub nom. State through Orleans Par. Criminal Dist. Court v. City of New Orleans through Landrieu*, 18-0116 (La. 3/9/18), 237 So.3d 1192. *See also Lewis v. St. John the Baptist Par. Through Cador*, 22-43 (La. App. 5 Cir. 10/19/22), 351 So.3d 734, 739.

As a general rule, a trial court's judgment on a writ of mandamus is reviewed under an abuse of discretion standard, while the court's factual findings are subject to manifest error review. *Talley v. Louisiana Dep't of Transp. & Dev.*, 22-0983 (La. App. 1 Cir. 2/24/23), 361 So.3d 1041, 1050, *writ denied*, 23-00557 (La. 6/7/23), 361 So.3d 976. However, questions of law, such as the proper interpretation of a statute, are reviewed *de novo*. *Louisiana Municipal Association v. State*, 04-0227 (La. 1/19/05), 893 So.2d 809, 836.

## FIRST ASSIGNMENT OF ERROR

### *Adequate period of time for public comment*

In its first assignment of error, the Council argues that the trial court erred in ruling that the Council violated the Open Meetings Law when it "prohibit[ed] public comment and/or fail[ed] to provide reasonably adequate time for public comment, during its November 28, 2023 and December 13 [sic], 2023 parish council meetings."

The Open Meetings Law, La. R.S. 42:11, *et seq*., applies to the duly noticed November 28 and December 12, 2023 meetings of the Council. It is not optional. La. R.S. 42:12, 42:14. The primary purpose of the Open Meetings Law and the constitutional provision ensuring the right of citizens to participate in the deliberations of public bodies is to protect citizens from secret decisions made without any opportunity for public input. *Lewnau v. Board of Supervisors of Southern State University*, 19-0943 (La. App. 1 Cir. 1/9/20), 295 So.3d 419, 424, *writ denied*, 20-00240 (La. 5/1/20), 295 So.3d 937. Its provisions are to be construed liberally. La. R.S. 42:12.

La. R.S. 42:14(D) requires that "each public body conducting a meeting which is subject to the notice requirements of R.S. 42:19(A) shall allow a public comment period at any point in the meeting prior to action on an agenda item upon which a vote is to be taken."[6]

The testimony and evidence admitted at the hearing established that the Council's practice is to allow a period of public comment on all agenda items at the beginning of each meeting, globally.[7] The Council's agenda is published prior to the meeting, with the public comment period clearly noticed therein. The videos of each Council meeting entered into evidence showed that everyone present in the Council chambers was notified by the Chairman, orally and on the TV screens behind the Council, that the public comment period was open, that if anyone desired to speak, they were to approach the podium, and that each citizen would have three minutes to discuss agenda items only.[8] We find that the Council's

_____

[6] School boards, which are specifically excepted from this provision, are subject to La. R.S. 42:15.

[7] There was also testimony that the public is allowed an additional comment period on ordinances that are before the Council prior to a vote being taken thereon.

[8] The videos alternate between two viewpoints. The first viewpoint looks directly at the dais where the Council is seated at the front of the room. Each Council member present is visible, along with large TV monitors above their heads, mounted on the wall, that contain text describing the particular agenda item then in front of the Council. The second viewpoint is looking outward from the dais, focused on the podium where members of the public, and other

scheduling of the public comment period, globally at the beginning of the meetings, before specific agenda items are brought up for debate and voting by the Council, is reasonable and fully complies with the Open Meetings Law, specifically La. R.S. 42:14(D).

The trial court specifically ruled that the Open Meetings Law violations occurred at the November 28 and December 12 meetings, because the Council did not allow Ms. Perrilloux adequate time to comment. This Court has reviewed the video evidence of the October 24, November 28, and December 12, 2023 duly noticed Council meetings. After considering such video evidence, we find that these factual conclusions are manifestly erroneous.

The video of the November 28 meeting shows that the Council Chairman announced the start of the period of public comment as published in the Council's agenda of the meeting, which was available to members of the public prior to the meeting. A citizen, Ms. Banner, was recognized by the Council Chairman. She stood at the podium addressing the Council regarding an ethics claim issue. Ms. Perrilloux also got up and stood at the podium, invoking "Robert Rules" about yielding of time, and spoke for her entire allotted time without interruption by the Council Chairman. When her time was up, another citizen attempted to claim the floor and yield his time to Ms. Perrilloux, which the Chairman did not allow. After being repeatedly advised by the Chair that her time was up, and to step away from the podium, it appears that Ms. Perrilloux became disruptive. The Chairman then recessed the meeting and called for the Council chambers to be cleared in order to restore order.

The video evidence also shows that after the recess ended and the meeting resumed, Ms. Perrilloux again approached the podium when another citizen

_____

speakers doing business before the Council, stand to speak. This view also shows the first three to four rows of the audience seating.

attempted to yield the floor to her. While the Chairman said he was not allowing this, Ms. Perrilloux nonetheless was allowed to continue speaking to the Council uninterrupted, asking them not to decide "the issue tonight." Her demeanor was calmer than earlier in the meeting. She spoke until she was finished what she had to say.

At the December 12, 2023 meeting, the video evidence shows Ms. Perrilloux entering the area by the podium at the beginning of the meeting, during the roll call for the Council. She was the first person to address the Council. She asked the Council to give the public more notice regarding the Council's commenting procedures. She asked the Council to change the global comment period before all agenda items to comments occurring with each agenda item as it comes up for discussion and a vote, and that the Council allow rebuttal time to the public after debate on each agenda item. The video shows that Ms. Perrilloux spoke uninterrupted for her entire allotted time. After she is finished speaking, she left the podium.

At that point in the video, a man approaches the podium and attempts to yield his comment time to another citizen, Ms. Crystal. The Council Chair does not allow him to yield his time, or another citizen to do so. At this point, Ms. Perrilloux is seen at the podium again, visibly angry, citing "Robert Rules." The Council Chair moves to restore order by recessing the meeting and clearing the chambers, while a security guard approaches Ms. Perrilloux to assist her away from the podium and out of the room.

Upon review, we find that no violation of the Open Meetings Law occurred at the November 28 or December 12, 2023 meetings relative to the Council's duty under La. R.S. 42:14(D) to provide a period of public comment, and set reasonable rules and restrictions regarding the public comment period. The video evidence conclusively shows that at the November 28 meeting, Ms. Perrilloux, who is the

only plaintiff in this suit, addressed the Council twice, once before the recess and once after, for either her full allotment of time or until she had finished what she wanted to say, without being stopped. The video of the December 12 meeting also conclusively shows that Ms. Perrilloux addressed the Council for her full allotment of time or until she had finished what she wanted to say.

Additionally, Ms. Perrilloux failed in her burden of proof on a writ of mandamus to show that the Council failed to perform a ministerial duty. Germane to this issue is the second sentence of La. R.S. 42:14(D), which states that "[t]he governing body may adopt reasonable rules and restrictions regarding such comment period." The only "ministerial duty" set forth in La. R.S. 42:14(D) is that the Council must provide a "reasonable" public comment period prior to voting on agenda items, which it clearly did at the meetings in question. The statute does not specify how the public comment period must be structured or when it should occur at the Council meeting, except that it must be prior to voting on agenda items. Ms. Perrilloux made no showing that the Council's preference to place a global public comment period prior to all agenda items runs afoul of La. 42:14(D).

Ms. Perrilloux has also failed to show that the public comment rules and restrictions adopted by the Council are unreasonable. Both times she addressed the Council at the November 28 meeting, before the meeting was recessed and after it was resumed, Ms. Perrilloux spoke, uninterrupted, for her entire allotment of time, or until she had finished what she wanted to say. The evidence was conclusive that she and others were not prevented from speaking for their allotted time during the public comment period. The trial court's factual finding that the Council closed the public comment period "too quickly" is manifestly erroneous. Though the Chair appeared to close the comment period almost immediately at the November 28 meeting, Ms. Perrilloux and others in fact spoke, immediately thereafter,

unimpeded. The same occurred at the December 12 meeting, as noted above.[9]

Thus, Ms. Perrilloux did not bear her burden of proof in this regard.[10]

Accordingly, under the particular facts and circumstances present in this case, we find that the trial court erred in granting the mandamus relief requested by Ms. Perrilloux.

## SECOND ASSIGNMENT OF ERROR

### *"Yielding the Floor/Yielding of Time"*

In this assignment of error, the Council argues that the trial court erred in finding that the Council violated the Open Meetings Law when it refused to allow citizens, during the public comment period, to yield their speaking time to Ms. Perrilloux or other members of the public. Ms. Perrilloux argues that Robert's Rules of Order establishes this right, which the Council violated.

President Hotard and Chairman Wright testified that at some point in the past, the Council adopted Robert's Rules of Order for its parliamentary operation. In the absence of statutory authority, or written by-laws and rules, it is appropriate for a public body to adopt and operate under Robert's Rules of Order Newly Revised, Scott, Foresman & Co. (1970). Op. Atty. Gen., No. 93-457, Sept. 17, 1993. The trial court specifically based its ruling that the Council violated the

---

[9] As noted above, the video of the October 24, 2023 meeting was also introduced into evidence, but was not addressed by the trial court in its reasons for ruling. At that meeting, the public comment period is opened and closed within seconds at around 9:05 minutes into the meeting. However, no citizen appears at the podium to speak. Ms. Perrilloux arrives in camera view in the audience and takes a seat around 18:36. She stands up and interrupts Mr. Montz, who was speaking, at around 36:29, but is told the public comment was closed, and she was not allowed to explain why she was late. She leaves, but only after seemingly insulting the Chairman.

The trial court stated in its oral reasons for judgment that Ms. Perrilloux's statement in her petition and at trial that she was prevented from entering the council chambers by security was unchallenged. However, as petitioner, Ms. Perrilloux bore the burden of proving her claims. Her claim that she was prevented from entering the Council Chambers by security is therefore uncorroborated. It does not appear, though, that the trial court based her ruling on the October 24 meeting.

[10] We note that Ms. Perrilloux is the only plaintiff in this suit, and thus whether any other citizen at these Council meetings was aggrieved was not before the trial court, nor is before this Court in this proceeding.

---

Open Meetings Law on "Yielding the Floor" through the application of "Robert's Rules of Order Newly Revised (RONR), 12th Edition, under the section titled 'Yielding the Floor' (pp. 385-386)."

Initially, we note that Robert's Rules of Order were not introduced into evidence. La. C.E. art. 202 describes the types of legal matters to which a trial court is entitled to take judicial notice. This Court was unable to find an instance in our state's jurisprudence holding that Robert's Rules of Order may be admitted by judicial notice. Additionally, the trial court did not state that it was taking judicial notice of Robert's Rules of Order, as is required by La. C.E. art. 202, which provides for judicial notice of legal matters.[11]

In any event, we find that Robert's Rules of Order's provisions on yielding the floor do not apply to citizens. This Court has reviewed the pertinent sections in Robert's Rules of Order, Revised 12th Edition, pertaining to yielding the floor or yielding of time.[12] As pointed out by the Council in brief, the sections of Robert's Rules of Order that pertain to yielding the floor/yielding of time are applicable only to <u>members of the governing body</u>, <u>not members of the general public</u>. Robert's Rules of Order does not allow <u>members of the general public</u> the right to move the Council or speak in debate or vote on business items, which is the context in which the Rules address yielding.

_____

[11] Further, as pointed out by the Council in brief to this Court, even though the Council has adopted Robert's Rules of Order, the Council still retains the right to decide which rules they choose to follow, citing the St. John the Baptist Parish Home Rule Charter, Article III Organization. Structure and Distribution of Powers and Functions. Section A. The Governing Authority: 5. Organization: officers: council secretary: f. The Council shall determine its own rules and order of business.

[12] In its reasons for judgment, the trial court cited to pp. 385-386 of Robert's Rules of Order, 12th Revised Edition. However, these pages do not pertain to a section on yielding the floor or yielding of time, but rather pertain to Voting. This Court found mention of "yielding the floor" in sections 3:31 and 5:8 note 3, neither of which are on pp. 385-386, but rather are found at pp. 26-27. "Yielding time" is found in section 43:10, within the chapter entitled "Rules Governing Debate," which is found on p. 368.

As stated above, La. R.S. 42:14(D) gives the Council discretion to adopt "reasonable rules and restrictions" for regulating the manner in which public comment will be held. Consequently, we find that "yielding the floor/yielding of time" during Council meetings is discretionary to the Council and not mandatory, and thus is not appropriate for mandamus relief.

Further, Ms. Perrilloux has failed to demonstrate that the Council's restriction on citizens yielding the floor/yielding of time to other citizens is unreasonable. Ms. Perrilloux has failed to show that three minutes of commenting time per citizen on agenda items is unduly restrictive. The video evidence in this case showed that citizens who spoke during the public comment period on agenda items had adequate time, in three minutes, to express their opinions to the Council. There was some testimony at the hearing that at some unspecified time in the past, the Council may have allowed citizens to "yield" their time to other citizens during the public comment period, but the Council had discontinued that practice at some other unspecified time in the past.

Accordingly, the trial court was manifestly erroneous in its factual finding that Ms. Perrilloux proved entitlement to a writ of mandamus in this regard, as the law and the evidence do not support the existence of a citizen's right, as per the Open Meetings Law or Robert's Rules of Order, to yield the floor or yield time to another citizen during the public comment period at the Council meetings.

### THIRD ASSIGNMENT OF ERROR

*Injunctive relief*

In its final assignment of error, the Council argues that because of lack of proof, the court abused its power when it ordered the Council to not interfere with members of the public seeking to offer public comment during the public comment period, and in ordering the Council to allow members of the public to yield time to others during the public comment period, which the Council argues is not a

mandatory and/or purely ministerial duty, and which infringes on the public body's right to make its own reasonable rules and restrictions regarding the public comment period. The Council argues that this relief goes beyond what is allowed or contemplated by the Openings Meeting Law.

La. R.S. 42:26 states:

A. In any enforcement proceeding the plaintiff may seek and the court may grant any or all of the following forms of relief:

(1) A writ of mandamus.

(2) Injunctive relief.

(3) Declaratory judgment.

(4) Judgment rendering the action void as provided in R.S. 42:24.

(5) Judgment awarding civil penalties as provided in R.S. 42:28.

B. In any enforcement proceeding the court has jurisdiction and authority to issue all necessary orders to require compliance with, or to prevent noncompliance with, or to declare the rights of parties under the provisions of this Chapter. Any noncompliance with the orders of the court may be punished as contempt of court.

C. If a party who brings an enforcement proceeding pursuant to R.S. 42:25 prevails, the party shall be awarded reasonable attorney fees and other costs of litigation. If such party prevails in part, the court may award the party reasonable attorney fees or an appropriate portion thereof.

D. If the court finds that the proceeding was of a frivolous nature and was brought with no substantial justification, it may award reasonable attorney fees to the prevailing party.

The trial court granted an injunction against the Council, ruling:

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that St. John the Baptist Parish is enjoined from prohibiting members of the public from yielding their time during the public comment period of parish council meetings, and is enjoined from interfering with members of the public seeking to offer public comment and/or to yield their time during the public comment period of parish council meetings, in accordance with Robert's Rules of Order; and … .

As was established above, Ms. Perrilloux did not bear her burden of proof that her right to speak before the Council was interfered with, in violation of the Open Meetings Law, at either the November 28 or the December 12, 2023 Council

meetings. She failed to establish that she was prevented by the Council's discretionary rules and restrictions from adequately addressing the Council during the public comment period of the meetings in question. And as has also been established above, the citizens who comment on agenda items during the public comment period of the Council meetings do not have a right to yield the floor or to yield their time on the floor to other members of the general public during the public comment period, either under the Open Meetings Law or under Robert's Rules of Order, 12th Revised Edition. Accordingly, under the particular facts and circumstances present in this case, the trial court erred in granting said injunctive relief against the Council.[13]

## DECREE

For the reasons set forth above, the trial court's judgment of April 19, 2024 is reversed in its entirety. This suit is dismissed with prejudice at appellee's costs.

**REVERSED; SUIT DISMISSED WITH PREJUDICE AT APPELLEE'S COSTS**

---

[13] Further, we find that the injunctive language in question is overly broad, and effectively abrogates the Council's right, as per La. R.S. 42:14(D), to establish "reasonable rules and restrictions" regarding the public comment period.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **OCTOBER 18, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

**24-CA-280**

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE NGHANA LEWIS (DISTRICT JUDGE)
BRIDGET A. DINVAUT (APPELLANT)      IKE SPEARS (APPELLANT)      KEITH GREEN, JR. (APPELLANT)

**MAILED**
SHONDRELL PERRILLOUX  (APPELLEE)
1118 MAIN STREET
LAPLACE, LA 70068